Filed 10/13/23  P. v. McCoshum CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C096929 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 19F2832, 19F4117, 19F4697, 19F4704, 19F4816, 19F4821) |
| v. | |
| JOSEPH LEON MCCOSHUM, | |
| Defendant and Appellant. | |

Defendant Joseph Leon McCoshum appealed from a judgment on a plea resolving six cases.  We reversed the sentence imposed in one case as violating Penal Code section 654[1] and remanded for the trial court to exercise its discretion under a recently enacted

---

[1]      Undesignated statutory references are to the Penal Code.

1

change to that statute. (*People v. McCoshum* (Jan. 4, 2022, C092483) [nonpub opn.].)[2] Defendant now appeals from the new sentence, contending that the trial court improperly imposed two out-on-bail enhancements (§ 12022.1, subd. (b)) in one of the six cases. After the People explained the basis for the two enhancements, defendant on reply concedes that the trial court did not err but nonetheless suggests the abstract of judgment is misleading and should be amended. We agree with the parties that the trial court did not err, and conclude that the abstract need not be amended to clarify the nature of the enhancements. The parties also contend that the trial court failed to update defendant's presentence credits at resentencing. However, the trial court filed an amended abstract of judgment granting defendant credits through the date of resentencing. We will affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

In our prior opinion, we summarized the cases and charges against defendant.

"Between May 6 and August 9, 2019, defendant was charged in several cases with many crimes, as pertinent here, as follows: (1) Case No. 19F2832 -- possession of a firearm by a felon and possession of a short-barreled shotgun, with both counts carrying four prior prison term enhancements; (2) Case No. 19F4117 -- two counts of possession of a controlled substance for sale, possession of a smoking or injecting device, and destruction of evidence, with both possession of a controlled substance counts carrying prior serious felony and prior prison term enhancements; (3) Case No. 19F4697 -- aid by misrepresentation in an amount over $400 and perjury (misrepresentation case); (4) Case No. 19F4704 -- attempted second degree burglary of a vehicle and possession of a smoking device, with the attempted burglary count carrying two out-on-bail enhancements; (5) Case No. 19F4816 -- possession of a firearm by a felon, illegal

---

[2] We take judicial notice on our own motion of our prior opinion in this case. (Evid. Code, § 452, subd. (d).)

2

possession of ammunition, and possession of a controlled substance, with an associated enhancement on all charges for a prior serious felony conviction; (6) Case No. 19F4821 -- infliction of corporal injury on a spouse or cohabitant with a prior conviction for the same, criminal threats, conspiracy to dissuade a witness, damaging a wireless device, and resisting a police officer, with the first infliction of corporal injury, criminal threats, and conspiracy to dissuade a witness counts carrying prior prison term and out-on-bail enhancements (criminal threats case)." (*People v. McCoshum, supra*, C092483, fn. omitted.)

Defendant resolved all six cases by pleading no contest or guilty to all the charges and admitting all enhancements in exchange for a negotiated sentence. Defendant also entered into a waiver under *People v. Cruz* (1988) 44 Cal.3d 1247, such that the court would not be bound by the negotiated sentence if defendant violated the waiver. The waiver required defendant not to violate any law (excluding infractions) between his release date and the date of sentencing. When defendant was arrested on new charges while released, thereby violating the waiver, the trial court sentenced him to 20 years in state prison.

On July 13, 2021, the court corrected the sentence and resentenced defendant to a total term of 19 years eight months.

On remand after appeal, at a hearing on August 12, 2022, the trial court resentenced defendant to 16 years eight months in state prison. The sentence included two out-on-bail enhancements for the sentence imposed in case No. 19F4821. The amended abstract of judgment filed on September 6, 2022, continued to award defendant the same number of presentence credits on resentencing as at his initial sentencing in 2020. On July 17, 2023, the trial court issued a further amended abstract of judgment granting defendant additional custody credits through the date of resentencing.

DISCUSSION

I

*Out-On-Bail Enhancements in Case No. 19F4821*

In his opening brief, defendant contends that in case No. 19F4821 the trial court incorrectly imposed two out-on-bail enhancements, one for each count. As the People explained in their respondent's brief—and our review of the record confirms—the complaint in case No. 19F4821 alleged that defendant committed the felony offenses charged in that case while released on bail in case Nos. 19F2832 19F4117, and 19F4704. Under section 12022.1, the trial court could have imposed an out-on-bail enhancement for each of these cases. However, in resentencing defendant, the trial court struck the second of the three felony counts in case No. 19F4821, along with one of the out-on-bail enhancements. On reply, defendant concedes the issue but maintains that "[a]s listed in the abstract of judgment, it appears that the section 12022.1 enhancements were being applied to each count, rather than the case as a whole." We accept defendant's concession that the trial court did not err but disagree that the abstract of judgment requires amendment.

"[S]ection 12022.1 provides that if a person charged with a felony (the primary offense) is released on bail or on his or her own recognizance and subsequently is arrested for committing another felony (the secondary offense) while released from custody on the primary offense, and if that person is convicted of both offenses, he or she 'shall be subject to a penalty enhancement of an additional two years in state prison which shall be served consecutive to any other term imposed by the court.' (§ 12022.1, subds. (a), (b), (d).)"[3] (*People v. Walker* (2002) 29 Cal.4th 577, 582, fn. omitted.)

---

[3]     Section 12022.1, subdivision (b) provides: "Any person arrested for a secondary offense that was alleged to have been committed while that person was released from

In *People v. Mackabee* (1989) 214 Cal.App.3d 1250 (*Mackabee*), this court concluded that section 12022.1 allows one enhancement for each primary offense. (*Mackabee, supra*, at pp. 1260-1261; *People v. Nguyen* (1988) 204 Cal.App.3d 181, 195-196.) This is because section 12022.1 offenses " 'go to the nature of the offender,' " not " 'the nature of the offense.' " (*Mackabee,* at p. 1261.) Here, in case No. 19F4821, the complaint alleged that defendant committed three primary offenses: the crimes in case Nos. 19F2832, 19F4117, and 19F4704. In each primary case, defendant promised not to reoffend and then broke his promise by committing the secondary offenses in case No. 19F4821. Because defendant broke three promises, he became subject to additional punishment for breaking multiple promises compared to an offender who broke only a single promise. (See *People v. Warinner* (1988) 200 Cal.App.3d 1352, 1356 [holding that the defendant's sentence may be enhanced under section 12022.1 for each pending case from which he was released from custody when he committed subsequent crimes].)

Defendant nonetheless faults the manner in which the enhancements are listed in the abstract of judgment. Section No. 2 of the abstract assigns a section 12022.1 enhancement to count "A1" and another to count "A3," which designations refer, respectively, to count 1 of the complaint in case No. 19F4821 charging defendant with domestic violence with a prior conviction (§ 273.5, subds. (a), (f)) and count 3 for conspiracy to dissuade a witness from testifying. (§ 136.1, subd. (c)(2).) The minute order on the sentencing proceedings for case No. 19F4821 also assigns one section 12022.1 allegation to each of these counts.

To be sure, an enhancement related to the offender has nothing to do with particular counts and is added as a final step in computing the sentence. (*Mackabee, supra*, 214 Cal.App.3d at pp. 1261-1262.) However, the abstract of judgment form

custody on a primary offense shall be subject to a penalty enhancement of an additional two years, which shall be served consecutive to any other term imposed by the court."

(Judicial Council of Cal., form CR-290 (rev. July 1, 2009)) includes a section for enhancements "tied to specific counts" and another for "prior convictions or prison terms." Section No. 2, "tied to specific counts," states that these are "mainly in the PC 12022 series," and section No. 3, pertaining to "prior convictions or prison terms," states that these are "mainly in the PC 667 series." But there is no section for section 12022.1 enhancements *not* tied to specific counts. It is understandable, given the directions on the form, that in preparing the abstract of judgment, the clerk of the court would record section 12022.1 enhancements in the manner done here. In any event, defendant has not explained how he was prejudiced, since it is clear from the form that two section 12022.1 enhancements were imposed in case No. 19F4821. Accordingly, we reject defendant's contention that the abstract of judgment should be corrected to specify that the section 12022.1 enhancements imposed in case No. 19F4821 are not tied to specific counts.

II

*Presentence Credits*

The parties contend that the abstract of judgment filed on August 13, 2020, and the amended abstract of judgment filed on September 6, 2022, after resentencing, reflect the same number of days of credit for time served. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 23; § 2900.1.) However, a further amended abstract filed on July 17, 2023, granted defendant custody credits through the date of resentencing. Accordingly, there is no error to be corrected.

The People further note that the abstract of judgment filed after resentencing continues to list the hearing date as "8-20-20" when the hearing occurred on August 12, 2022. However, a subsequent amended abstract of judgment filed July 17, 2023, continues to list "8-10-20" as the hearing date, but now also lists "08-12-*21*" (italics added) as the date of defendant's commitment to state prison. Neither of these dates is correct. We will direct the trial court to prepare an amended abstract of judgment

6

correcting the hearing and commitment dates to reflect the August 12, 2022 date of resentencing.

DISPOSITION

The trial court is directed to prepare an amended abstract of judgment correcting the hearing and commitment dates to reflect the date of resentencing, and forward the amended abstract to the Department of Corrections and Rehabilitation.  The judgment is affirmed.


　　　　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　Krause, J.


We concur:


　　/s/
Robie, Acting P. J.


　　/s/
Boulware Eurie, J.